UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1836

CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF NEW YORK, by Letitia James, Attorney General of the State of New York; COMMONWEALTH OF VIRGINIA, ex rel. Attorney General of Virginia,

            Plaintiffs - Appellees,

     v.

NEXUS SERVICES, INC.; LIBRE BY NEXUS, INC.; MICHEAL DONOVAN; RICHARD MOORE; EVAN AJIN,

            Defendants - Appellants.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Elizabeth Kay Dillon, District Judge. (5:21-cv-00016-EKD-JCH)

Submitted: February 15, 2024             Decided: February 21, 2024

Before KING, WYNN, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Zachary Lawrence, LAWRENCE LAW FIRM PLLC, Cold Brook, New York, for Appellants. Seth Frotman, General Counsel, Steven Y. Bressler, Deputy General Counsel, Kristin Bateman, Assistant General Counsel, Stephanie B. Garlock, CONSUMER FINANCIAL PROTECTION BUREAU, Washington, D.C.; Andrea Joy Campbell, Attorney General, David C. Kravitz, Deputy State Solicitor, OFFICE OF THE

ATTORNEY GENERAL, Boston, Massachusetts; Letitia James, Attorney General, Jane Azia, Bureau Chief, Laura Levine, Deputy Bureau Chief, Andrea W. Trento, Assistant Solicitor General, OFFICE OF THE ATTORNEY GENERAL, New York, New York; Jason S. Miyares, Attorney General, Charles H. Slemp, III, Chief Deputy Attorney General, Steven G. Popps, Deputy Attorney General, Richard S. Schweiker, Jr., Chief and Senior Assistant Attorney General, James E. Scott, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Nexus Services, Inc., Libre by Nexus, Inc., Micheal Donovan, Richard Moore, and Evan Ajin seek to appeal the district court's order denying as moot their motion for judgment on the pleadings and the court's subsequent order denying their Fed. R. Civ. P. 54(b) motion to reconsider that order or, alternatively, to certify this interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We dismiss the appeal for lack of jurisdiction.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Appellants contend the district court's orders are immediately appealable collateral orders. "[U]nder the collateral order doctrine, appellate jurisdiction extends to a narrow class of decisions that do not terminate the litigation, but are sufficiently important and collateral to the merits that they should nonetheless be treated as final." *United States ex rel. Citynet, LLC v. Gianato*, 962 F.3d 154, 158 (4th Cir. 2020) (internal quotation marks omitted). "Specifically, we have jurisdiction over an order if it conclusively determines the disputed question, resolves an important issue completely separate from the merits of the action, and would be effectively unreviewable on appeal from a final judgment." *Nero v. Mosby*, 890 F.3d 106, 121 (4th Cir. 2018) (internal quotation marks omitted). An order must satisfy all three requirements to be immediately appealable, and "the collateral-order doctrine must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *In re Grand Jury 2021 Subpoenas*, 87 F.4th 229, 244-45 (4th Cir. 2023) (internal quotation marks omitted).

The district court's orders do not satisfy the requirements of the collateral order doctrine. "[T]he entire category of orders to which" these orders belong is not comparable to those that have previously been authorized for immediate appeal under the collateral order doctrine. *See Cobra Nat'l Res., LLC v. Fed. Mine Safety & Health Rev. Comm'n*, 742 F.3d 82, 87 (4th Cir. 2014) (internal quotation marks omitted); *see also id.* at 91-92 (collecting cases). And deferring review of the district court's orders would not "so imperil[] the interest" Appellants seek to vindicate "as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009); *see also id.* at 108-09 (noting courts "routinely require litigants to wait until after final judgment to vindicate valuable rights").

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*